IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PHIL F. BENAVIDEZ,**

    **Plaintiff,**

**v.**                                                                     **No. 20-cv-0278 SMV**

**KILOLO KIJAKAZI,[1]**
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 31], filed on February 5, 2021. The Commissioner responded on May 6, 2021. [Doc. 35]. Plaintiff replied on May 13, 2021. [Doc. 36]. The parties have consented to my entering final judgment in this case. [Doc. 24]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council failed to apply the correct legal standard in evaluating the opinion of consultative psychiatrist, Dr. Hughson. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

---

[1] Kilolo Kijakazi is the current Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for former Commissioner Andrew Saul as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the Administrative Law Judge's ("ALJ") decision, 20 C.F.R. §§ 404.981, 416.1481. Here, however, the Appeals Council ("AC") granted review of the ALJ's decision, vacated it, and issued its own decision. Tr. 5–6. Therefore, the Court reviews the AC's decision as the final decision of the Commissioner.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks omitted).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meets or equals one of the "Listings"[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on November 18, 2015. Tr. 5. He alleged a disability-onset date of March 1, 2015.[4]  *Id.*  His claim was denied initially and on reconsideration.  *Id.* Administrative Law Judge ("ALJ") Michelle K. Lindsay held a hearing on October 24, 2017, in Albuquerque, New Mexico. Tr. 41, 60. Plaintiff appeared in person with his attorney. Tr. 60. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Sandra Trost. Tr. 41, 78–82.

The ALJ issued her unfavorable decision on June 28, 2018. Tr. 52. Plaintiff requested review by the Appeals Council ("AC"), which was granted. Tr. 5. The AC vacated the ALJ's decision and issued a new, partially favorable decision on January 30, 2020. Tr. 25. The AC found that Plaintiff became disabled on April 27, 2018, his 55th birthday. Tr. 6. Accordingly, his claim for SSI was approved. However, because his date last insured ("DLI") was December 31, 2016, and because he was not disabled on or prior to his DLI, Plaintiff's claim for DIB was denied. *Id.*

The AC found at step one that Plaintiff had not engaged in substantial gainful activity since March 1, 2015, the original alleged onset date. Tr. 8. At step two, the AC found that Plaintiff

---

[4] The transcript of the administrative hearing before the ALJ reflects Plaintiff's request, through counsel, to amend his alleged onset date to September 7, 2015, the date of his cholecystectomy. Tr. 63. The ALJ orally granted the request. Tr. 63–64. Nevertheless, the amended alleged onset date is not mentioned in the ALJ's decision or in the AC's decision. Tr. 41, 5.

suffered from the following severe impairments: degenerative disc disease, cardiomegaly, reduced left ventricular function, septicemia, post-traumatic stress disorder, major depressive disorder, neurocognitive disorder, anxiety disorder, and anti-social personality disorder. *Id.* The AC found that Plaintiff's carpal tunnel syndrome, diabetes mellitus, fatty liver disease, and polysubstance abuse disorder were not severe. Tr. 9. It further found that Plaintiff's obesity had no specific or quantifiable impact on his pulmonary, musculoskeletal, endocrine, or cardiac functioning. *Id.* At step three, the AC determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 10–12. Because none of Plaintiff's impairments met or medically equaled a Listing, the AC went on to assess Plaintiff's RFC. Tr. 13–22. The AC found that Plaintiff had:

> the [RFC] to perform a range of light work as defined in 20 [C.F.R. §§] 404.1567 and 416.967 except he can understand, remember, and carry out simple instructions, and maintain attention and concentration to perform simple tasks for two hours at a time without requiring redirection to task. [Plaintiff] cannot interact with the public[] and is limited to superficial and incidental interaction with co-workers and supervisors.

Tr. 13.

At step four, the AC found that Plaintiff could not return to his past relevant work as a painter, painting supervisor, or dishwasher. Tr. 22. Accordingly, the AC proceeded to step five. Tr. 22–24. The AC considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE from the administrative hearing. Tr. 23. It found that prior to April 27, 2018, Plaintiff's 55th birthday, Plaintiff could perform the duties of cleaner, photocopy machine operator, silver wrapper, and marker. Tr. 23–24. It further found that such jobs existed in significant numbers in the national economy, and therefore, Plaintiff was not disabled prior to

April 27, 2018. *Id.* On Plaintiff's 55th birthday, however, the AC found him disabled pursuant to the Medical-Vocation Guidelines. Tr. 24. Plaintiff timely filed the instant action on March 30, 2020. [Doc. 1]. Plaintiff challenges the AC's determination that he did not become disabled until his 55th birthday. [Doc. 31].

## **Discussion**

Plaintiff challenges the legal standards applied to several medical source opinions. The Court agrees that the AC failed to apply the correct legal standards in evaluating the consultative opinion of Dr. Hughson. Therefore, remand is warranted. Reevaluation of Dr. Hughson's opinion may make moot Plaintiff's other alleged errors. Accordingly, the Court declines to pass on them at this time.

Although ALJs[5] need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii) (2012)[6]). That is, when assessing a plaintiff's RFC, an ALJ must explain what weight she assigns to each opinion and why. *Id.* "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and quotation marks omitted)); *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013). Nevertheless, "[a]n ALJ is not entitled to pick and

---

[5] The overwhelming majority of social security caselaw refers to decisions issued by ALJs. The Court finds these authorities to apply equally to decisions issued by the AC, because such decisions are the "final decisions" of the Commissioner under § 405(g).

[6] These regulations apply to this case because Plaintiff's claims were filed prior to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017); *see* [Doc. 35] at 8 n.3 (Defendant's agreement as to the governing regulations).

choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to provide "appropriate *explanations* for accepting or rejecting such opinions." Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary*, 695 F.3d at 1161 (finding that ALJs must discuss the weight assigned to each medical opinion) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

Paula Hughson, M.D., evaluated Plaintiff on September 2, 2016. Tr. 621–26. Dr. Hughson opined, in relevant part, that Plaintiff had a moderate-to-marked limitation in the mental ability to (1) work without supervision and moderate limitations in (2) understanding and remembering very short and simple instructions and in (3) adapting to changes. Tr. 626. The AC accorded great weight to Dr. Hughson's opinion. Tr. 19–20. It erred, however, in assessing an RFC that failed to account for these limitations without explaining the omissions. *Compare* Tr.13 (RFC assessment), *and* Tr. 9–22 (AC's reasoning), *with* Tr. 626 (Dr. Hughson's opinion).

The parties agree that the RFC assessment limits Plaintiff, in relevant part, to unskilled work.[7] [Doc. 35] at 1, 4, 9–10 (Defendant's characterizing the RFC as including

---

[7] The Court finds no material difference in "unskilled work" and the RFC's limitation to "understand, remember, and carry out simple instructions[] and maintain attention and concentration to perform simple tasks for two hours at a time without requiring redirection to task." *See Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (equating "simple" work with unskilled work); SSR 96-9p, 1996 SSR LEXIS 6, at *9, 1996 WL 374185, at *9 (mental requirements of unskilled work include "[u]nderstanding, remembering, and carrying out simple instructions"); Program Operations Manual System ("POMS") § DI 25020.010(B)(2) ("mental abilities needed for any job" include

unskilled work); [Doc. 36] at 2–4 (Plaintiff's characterizing the RFC as including unskilled work); *see* Tr. 13 (RFC assessment).  Unskilled work does not account for the limitations assessed by Dr. Hughson in the mental ability to (1) work without supervision, (2) understand and remember very short and simple instructions, and (3) adapt to changes.  Without an explanation from the AC about why these limitations are not accounted for in the RFC, remand is required.

"There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations."  *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015); *see also Chapo*, 682 F.3d at 1290 n.3 (finding that a limitation to unskilled work accounted for "issues of skills transfer, not impairment of mental functions—which are not skills but, rather, general prerequisites for most work at any skill level").  This appears to be such a case; the RFC assessment does not adequately address the mental limitations at issue.

Limiting Plaintiff to simple (or unskilled) work, as the AC did here, does not account for his moderate-to-marked limitation in the mental ability to (1) work without supervision or his moderate limitations in (2) understanding and remembering very short and simple instructions and in (3) adapting to changes.  This discrepancy is evidenced by the fact that these mental abilities are considered "critical" for unskilled work.  Program Operations Manual System ("POMS") § DI 25020.010(B)(3)(f), (b) and (m) (respectively).  Nor do the other mental limitations in the RFC assessment—no interaction with the public and only superficial and incidental interaction with co-workers and supervisors, Tr. 13—account for these limitations.

---

"[t]he ability to maintain concentration and attention for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure).").

Defendant's arguments do not change the result. Defendant argues that the RFC assessment accounts for all the limitations assessed by Dr. Hughson. [Doc. 35] at 8–9. First, as to the moderate-to-marked limitation in the mental ability to work without supervision, Tr. 126, Defendant argues that the RFC's limitation to unskilled work is adequate, *id.* at 9. "Superficial interaction [with supervisors] is not the same as no interaction. And oversight would be less critical given the further limitation to unskilled work, which requires 'little or no judgment'; nor is concentration critical in such work." *Id.* at 9 (citing 20 C.F.R. § 404.1568(a); POMS § DI 25020.010(B)(3); *Vigil*, 805 F.3d at 1203–04 (recognizing that an ALJ may account for moderate mental limitations in concentration, persistence, or pace with an RFC restricting a claimant to unskilled work)).

The Court is not persuaded. Defendant's reasoning is too attenuated to overcome the plain language of the POMS. Defendant is correct that unskilled work requires "little or no judgment." *See* §§ 404.1568(a), 416.968(a). But that is a flimsy basis on which to conclude that unskilled work accounts for a moderate limitation in the ability to work without supervision. That is especially true where the POMS explicitly says that the ability to "sustain an ordinary routine without special supervision" is "critical" to performing unskilled work. POMS § DI 25020.010(B)(3)(f). Besides, the AC did not provide that explanation. *See Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) (holding that the Court may not adopt *post hoc* rationalizations supporting an ALJ's decision that were not apparent from the decision itself).

Second, as to the moderate limitation in the ability to understand and remember very short and simple instructions, Tr. 126, Defendant argues the limitation to unskilled work is adequate. [Doc. 35] at 10. Defendant explains that "a moderate limitation in an area of functioning means a

9

'fair' ability to function 'independently, appropriately, effectively, and on a sustained basis.'" *Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(F)(2)). "A 'marked' limitation, in contrast, signifies 'seriously limited' functioning." *Id.* Defendant concludes, thus, the AC's RFC finding reasonably accounted for Plaintiff's "fair" ability to understand and remember very short and simple instructions by limiting him to a range of unskilled work." [Doc. 35] at 10.

The Court appreciates that a moderate limitation means a "fair" ability to function and does not mean a "serious" limitation. Dr. Hughson assessed a *moderate* limitation in Plaintiff's ability to understand and remember "very short and simple instructions." *Id.* She could have assessed a *mild* limitation or *none*, but she assessed a *moderate* limitation. *Id.* Under these circumstances and where the limitation at issue is in a mental ability considered "critical" to the performance of unskilled work, *see* POMS § DI 25020.010(B)(3)(b), and where there is no further explanation from the AC itself, the Court finds that the RFC does not account for Dr. Hughson's limitation. *See Haga*, 482 F.3d at 1208 ("[A] moderate impairment is not the same as no impairment at all.").

Third, as to Plaintiff's moderate limitation in the ability to adapt to changes, Tr. 126, Defendant is silent. Defendant does not dispute that the limitation is not accounted for in the RFC's limitation to unskilled work. *See* [Doc. 35]. The Court agrees that it is not accounted for. *See* POMS § DI 25020.010(B)(3)(m) (the ability to "respond appropriately to changes in a (routine) work setting" is "critical" to the performance of unskilled work). Because the AC adopted the opinion of Dr. Hughson, Tr. 20, it was required either to incorporate her opined limitations into the RFC or explain any omission. It did not, and remand is required for proper evaluation of Dr. Hughson's opinion.

### Conclusion

The AC adopted the consultative opinion of Dr. Hughson but then failed to incorporate all her limitations into the RFC assessment and also failed to explain the omissions. Without any explanation for the omissions, the Court finds that the AC failed to apply the correct legal standards in evaluating the consultative opinion of Dr. Hughson. Remand is warranted. Because review of Dr. Hughson's opinion may make moot Plaintiff's other alleged errors, the Court declines to pass on them at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 31] be **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**